1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALEXANDRE H. ONOFRE,

     Petitioner,

vs.

DWIGHT NEVEN , *et al.*,

     Respondents.

Case No. 2:14-cv-01643-RFB-VCF

**ORDER**

     This action is a *pro se* petition for a writ of habeas corpus filed by Alexandre H. Onofre[1] pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee for this action.  (ECF No. 2).

     This Court has conducted a preliminary review of the federal habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing Section 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

     As an initial matter, the Court notes that the petition is not written on the Court's approved habeas corpus form.  The Local Rules of Court require petitioners appearing in *pro se* to file their

---

    [1]  Based on petitioner's most recent notice of address change, it appears that he is not incarcerated.  (ECF No. 8).

1  petitions on the Court's approved form. Local Rules of Special Proceedings 3-1 ("a petition for a writ
2  of *habeas corpus*, filed by a person who is not represented by an attorney, shall be on the form provided
3  by this court."). As set forth in the conclusion of this order, the Court will provide petitioner with the
4  approved form for filing an amended *pro se* petition for a writ of habeas corpus.

5  Beyond petitioner's failure to use the proper form, the Court's review reveals that the petition
6  suffers from far more serious defects. A federal court may only grant a petition for writ of habeas
7  corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C.
8  § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented,
9  the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).
10  In the instant case, the only discernable allegation petitioner makes is that he seeks to challenge his state
11  conviction for child abuse. Petitioner does not allege that his conviction or sentence violated his federal
12  constitutional rights. Petitioner's four enumerated "grounds" largely consist of excerpts from the state
13  court guilty plea agreement, which is attached to the petition. The petition does not set forth any viable
14  claims for federal habeas corpus relief. As set forth at the conclusion of this order, petitioner shall file
15  an amended petition, using this Court's approved form, that sets forth viable claims of one or more
16  federal constitutional violations concerning his state conviction, provided that he can allege such claims
17  in good faith. *See* Fed. R. Civ. P. 11.

18  To the extent that petitioner attempts to assert grounds for federal habeas relief in the petition,
19  he has failed to exhaust his claims in the state courts. On the face of the petition, as to all enumerated
20  grounds, petitioner indicates that no claim was exhausted in the state courts. A federal court will not
21  review a state prisoner's petition for habeas relief until the prisoner has exhausted his available state
22  remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner
23  must give the state courts a fair opportunity to act on each of his claims before he presents those claims
24  in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v.*
25  *Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the
26  highest available state court the opportunity to consider the claim through direct appeal or state
27  collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v.*
28  *McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981). A habeas petitioner must "present the state courts with

the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Petitioner will be granted an opportunity to demonstrate when and how he exhausted in the state courts each ground contained in the federal petition.

IT IS THEREFORE ORDERED that the Clerk of Court **SHALL SEND** petitioner the approved form for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as instructions for the same.

IT IS FURTHER ORDERED that within **forty-five (45) days** from the date of the entry of this order, petitioner **SHALL FILE** an amended federal habeas petition using the court-approved form.

IT IS FURTHER ORDERED that within **forty-five (45) days** from the date of entry of this order, petitioner **SHALL FILE** points and authorities, together with such evidence he may have, that demonstrates when and how he exhausted his grounds for relief in state court.

IT IS FURTHER ORDERED that petitioner's failure to comply with this order will result in the dismissal of this action.

DATED this 11th day of May, 2015.

_____
RICHARD F. BOULWARE
UNITED STATES DISTRICT JUDGE

-3-